**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1325**

_____

MONICA PATTERSON,

        Plaintiff - Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cv-01030-CCE-LPA)

_____

Submitted:  February 16, 2023                                      Decided:  February 21, 2023

_____

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Derrick Kyle Arrowood, ARROWOOD AND HALL, PLLC, Raleigh, North Carolina, for Appellant.  Brian O'Donnell, Regional Chief Counsel, Katie M. Gaughan, Supervisory Attorney, Diana Lin, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Sandra J. Hairston, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monica Patterson appeals the district court's order adopting the magistrate judge's recommendation and upholding the administrative law judge's (ALJ) denial of Patterson's application for disabled widow's benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and discern no reversible error. The ALJ applied the correct legal standards in evaluating Patterson's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Patterson v. Kijakazi*, No. 1:20-cv-01030-CCE-LPA (M.D.N.C. Feb. 24, 2022). We dispense with oral argument because the facts

2

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*